IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,

v.

MS. ADAMS, SANDRA MCARDLE, S. MARTIN,
and JOHN DOE DOCTOR,

                Defendants.

ORDER

19-cv-690-jdp

---

      Plaintiff Damien Green, appearing pro se, is a prisoner at Wisconsin Secure Program Facility (WSPF). Green alleges that WSPF officials have failed to treat his various medical problems, including a painful injured foot, and that they canceled previously scheduled off-site medical appointments upon his transfer to WSPF from another prison. In a January 7, 2020 order, I granted Green leave to proceed on Eighth Amendment and Wisconsin-law negligence claims against defendant Nurse Practitioner Sandra McArdle about that treatment. Dkt. 6. But Green failed to explain which defendants were responsible for other violations of his rights, and some of his claims failed to meet the imminent-danger standard that he is subject to because he has "struck out" under 28 U.S.C. § 1915(g). I gave Green a chance to supplement his complaint to explain defendants' personal involvement in his claims and to either submit an initial partial payment of the filing fee for his imminent-danger claims, or to pay the $400 filing fee to proceed with both his imminent-danger claims and his non-imminent-danger claims.

      Green has filed a series of documents in response. He asks for an extension of time to accomplish the tasks I've given him. Dkt. 10. I'll grant that request because I inadvertently gave Green only a few days to respond. *See* Dkt. 6, at 8 (giving Green deadlines of January 10, 2020).

Green has filed a motion asking for an order directing the prison business office to give him a legal loan or other funds to allow him to send a copy of his trust fund account statement to this court. Dkt. 9. I'll deny this motion because I don't need a copy of his statement. In the January 7 order, I used financial materials from a previous case Green filed in this court to assess him an initial partial payment of $0.41. Dkt. 6, at 7. From Green's motion, it appears that he wants to pursue only his imminent-danger claims and that he has enough money in his count to make the initial partial payment. He should do so by the deadline set in the order below.

Green also asks for an order directing prison staff to give him his medical records from 2019 and 2020. Dkt. 9 and Dkt. 10. I will deny that motion because, as Green knows from his other litigation in this court, he may use discovery methods to obtain those documents from prison staff. It is also likely that prison rules allow him access to those documents.

Green has filed a motion for appointment for counsel, stating that he suffers from mental health problems, including depression. Dkt. 8. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold

requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Green has not submitted correspondence showing that he has contacted three law firms, so he has not met this requirement.

Even had Green shown that he had reached out to lawyers, I would deny his motion. I recruited counsel for Green in a previous case, but I later allowed that lawyer to withdraw from the case after he sent her inappropriate, sexually explicit letters. *See* Dkt. 95 in No. 14-cv-326-jdp. So I am already wary of recruiting counsel for Green again unless it is absolutely necessary. Green has not shown that it is necessary. This case is still in its earliest stages: defendant McArdle has not even answered the complaint yet. Green says that he suffers from mental illness, but this is unfortunately true of many plaintiffs appearing in this court. Green was able to adequately, although not successfully, litigate the '326 case all the way through trial. So there's no reason for me to conclude in the early stages of this case that counsel is necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff Damien Green's motion for an extension of time to respond to the court's January 7, 2020 order, Dkt. 10, is GRANTED. Green may have until January 30, 2020, to respond.

2. Plaintiff's motion for an order directing the prison business office to locate funds to allow Green to send a copy of his trust fund account statement to this court, Dkt. 9, is DENIED.

3. Plaintiff's motion for an order directing prison staff to give him medical records, Dkt. 9 and Dkt. 10, is DENIED.

4. Plaintiff's motion for recruitment of counsel, Dkt. 8, is DENIED without prejudice.

Entered January 16, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge