IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,

v.

MS. ADAMS, SANDRA MCARDLE, DR. GAVIN,
and MS. KINYAN,

                Defendants.

OPINION and ORDER

19-cv-690-jdp

---

DAMIEN GREEN,

                Plaintiff,

v.

CONCEPCION SANTILLAN,

                Defendant.

OPINION and ORDER

20-cv-172-jdp

---

In case No. 19-cv-690-jdp, plaintiff Damien Green alleges that prison officials have failed to treat his foot pain caused by the placement of surgical screws and gout. I granted Green leave to proceed on Eighth Amendment and Wisconsin-law medical malpractice claims against defendant Nurse Practitioner Sandra McArdle, Ms. Adams, Dr. Gavin, and Ms. Kinyan for denying him effective pain medication and against McArdle, Adams, and Kinyan for denying him podiatrist-ordered shoes. See Dkt. 6 and Dkt. 14.[1]

Green followed with what appeared to be a related complaint, filed in case No. 20-cv-172-jdp, in which he alleged that a doctor botched his foot surgery resulting in him suffering severe pain and numbness, but the doctor will not order him medical shoes or nerve

---

[1] All docket citations are to case No. 19-cv-690-jdp unless otherwise noted.

pain medication. But Green has "struck out" under 28 U.S.C. § 1915(g), so he could not proceed in forma pauperis with his claims about past harm. I gave Green a short time to submit the full $400 filing fee for the case to proceed with those claims. *See* Dkt. 2 in the '172 case. Also, because it appeared that Green had named the wrong person—Concepcion Santillan—as the defendant who performed the surgery, I gave him a chance to explain who he intended to name as the defendant. *Id.* I stated that after I received a response from Green I would finish screening his claims and I would consider whether to consolidate his two cases. *Id.*

Green has now responded in the '172 case, stating that he indeed mistakenly named Santillan as the defendant for that lawsuit: it should be Dr. Craig Sullivan, the podiatrist who performed his recent surgery and then refused to order him medical shoes or nerve pain medication. *See* Dkt. 3. Green also says that he would like to either close the case for reopening at a later date, or to have the case consolidated with the '690 case. *Id.* Because Green did not submit the full $400 fee, I infer that he would like to proceed with only his imminent-danger claims. I will join those claims with the '690 case because they are part of the same course of treatment that Green has been receiving from Sullivan and DOC medical staff for his foot problems; there was no need for Green to file two separate lawsuits. I'll consider Dkt. 1 and Dkt. 12 in the '690 case and Dkt. 1 in the '172 case to be the operative pleading. Green will not owe a separate filing fee for the '172 case, and I'll direct the clerk of court to transfer any payments that Green has made in the '172 case into the '690 case.

Green's allegations that Sullivan is refusing to order him accommodations like effective pain medication or special shoes for his painful condition are enough to state Eighth Amendment and Wisconsin-law medical malpractice claims against Sullivan. A potential problem with the Eighth Amendment claim is that Sullivan works for a private health care

2

provider, not the Department of Corrections, and to bring a claim like this under 42 U.S.C. § 1983, a plaintiff must prove that the alleged constitutional deprivation was committed by a person acting under the color of state law. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Determining whether a medical professional acted under the color of state law is a "functional inquiry, focusing on the relationship between the state, the medical provider, and the prisoner." *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 797 (7th Cir. 2014). A privately employed medical provider acts under the color of state law when it contracts to provide medical care to prisoners and undertakes "freely, and for consideration, responsibility for a specific portion of the state's overall obligation to provide medical care for incarcerated persons." *Rodriguez*, 577 F.3d at 827. Because Green suggests that Sullivan routinely handles podiatry cases for DOC inmates, I will not dismiss his Eighth Amendment claim against Sullivan, but he should be aware that whether Sullivan acted under color of law may be contested by defendants. At the summary judgment or trial stages of the case, Green will have to provide evidence showing that Sullivan had a relationship with the state that could meet this color-of-law element.

Green has filed a few other motions in the '690 case. Green has renewed his motion for the court's assistance in recruiting him counsel. Dkt. 46. I denied his previous motion in part because he had failed to show that he had made reasonable efforts to locate counsel on his own. *See* Dkt. 11, at 2–3. Now Green shows that he has contacted three law firms, Dkt. 46-2, so he has met this requirement. But Green still fails to show that the case is too complex for him. The case is still in its early stages, and Green has shown that he is capable of litigating a case in this court all the way through trial. *See* case No. 14-cv-326-jdp. Green says that he is no longer receiving help from the jailhouse lawyer who previously helped him, but nothing else

3

in his submission convinces me that recruiting counsel is appropriate at the early stages in this case. And as I stated in my previous order, I am wary of recruiting counsel for Green again unless it is absolutely necessary because he sexually harassed the lawyer the court recruited for him in the '326 case.

Green has filed a motion titled "demand for discovery and inspection," in which he asks the court to compel defendant to give him any evidence they have regarding his claims, particularly his medical records. Dkt. 48. But this is not an appropriate motion to compel discovery under Federal Rule of Civil Procedure 37 because Green didn't submit formal discovery requests to defendants—although he did submit some directly to the court, which the clerk of court explained to him was improper. *See* Dkt. 26. Green's motion is also premature; he filed it before the court's preliminary pretrial conference, which was held in mid-June. Green may now conduct discovery, although he likely can also directly ask prison staff for access to his medical records without submitting discovery requests.

Green filed a motion for preliminary injunctive relief focusing on his request to be allowed to purchase personal shoes from either Eastbay or Foot Locker. Dkt. 21. He also asks for particular pain medication, Gabapentin or Tylenol #3. I will deny his motion for two reasons. First, Green didn't comply with this court's procedures for obtaining preliminary injunctive relief. Under these procedures, a plaintiff must file and serve proposed findings of fact that support the plaintiff's claims, along with evidence that supports those proposed findings. I will attach a copy of the court's procedures to this order.

Second, preliminary injunctive relief is an "extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). One of the things that Green must show in his motion is that he will

4

suffer irreparable harm without the injunction. He supports his motion with past orders for shoes or pain medication that he believes should be honored now. But his medical circumstances changed right around the time he filed his motion: Sullivan performed a surgery removing a bunion in Green's foot, and Sullivan says that following the surgery, Green no longer needs shoes from an outside vendor. Dkt. 50-1. At a medical appointment, Green also reported that he felt well enough to play basketball. Dkt. 50-2, at 32–33. Even if Green refiles his motion and properly follows the court's procedures, he will have to provide evidence explaining his current, post-surgical condition and explain why Sullivan's statement about his need for special shoes is incorrect.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to docket plaintiff Damien Green's complaint in case No. 20-cv-172-jdp into case No. 19-cv-690-jdp. The operative pleading is now Dkt. 1 and Dkt. 12 in the '690 case and Dkt. 1 from the '172 case.

2. The '172 case is DISMISSED. Plaintiff will not owe a filing fee for that case, and the clerk of court is directed to transfer any payments that Green has made in the '172 case into the '690 case.

3. The caption of the '690 case is amended to include defendant Craig Sullivan.

4. In the '690 case, plaintiff is now GRANTED leave to proceed on Eighth Amendment medical care claims and Wisconsin-law medical malpractice claims against defendants McArdle, Adams, Gavin, Kinyan, and Sullivan.

5. The clerk of court is directed to forward a summons, the operative complaint, and this order to the United States Marshal for service on defendant Sullivan.

6. Plaintiff's renewed motion for the court's assistance in recruiting him counsel, Dkt. 46, is DENIED without prejudice.

7. Plaintiff's discovery-related motion, Dkt. 48, is DENIED.

8. Plaintiff's motion for preliminary injunctive relief, Dkt. 21, is DENIED.

Entered August 5, 2020.

                                          BY THE COURT:

                                          /s/

                                          _____

                                          JAMES D. PETERSON
                                          District Judge