IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,

v.                                                       OPINION and ORDER

MS. ADAMS, SANDRA MCARDLE, DR. GAVIN,             19-cv-690-jdp
MS. KINYAN, and CRAIG SULLIVAN,

                Defendants.

---

Plaintiff Damien Green, appearing pro se, alleges that prison officials and outside medical providers have failed to treat his foot pain caused by gout and the placement of surgical screws. The five defendants are split into three groups, each of which has filed a motion for summary judgment. Green has submitted several filings asking the court to compel production of his medical records and recruit counsel for him. Defendants have jointly filed a motion to dismiss the case for Green's failure to prosecute it.

I will start with Green's motion to compel discovery of his medical records. Dkt. 112. I will deny Green's motion for two reasons. First, Green doesn't include copies of his original discovery requests or defendants' responses to them. Defendants say that Green didn't serve discovery requests on them. The record shows that Green improperly filed interrogatories and requests for production of documents on the docket, Dkt. 99, and that the clerk of court responded by writing a letter stating that discovery requests needed to be sent directly to defendants' attorneys. Dkt. 100. There's no evidence that Green followed up by sending defendants his requests.

Second, Green has already received these materials. Defendant Craig Sullivan, who works at Gundersen Health System, placed a copy of Green's entire Gundersen medical file on

the docket in support of his motion for summary judgment, Dkt. 129-1, so Green received a copy of those records. Sullivan sent Green another copy of those materials after Green stated that he prison officials had taken his legal materials after he went into observation for a hunger strike. The state defendants say that counsel sent Green a complete copy of the medical records they had obtained even before he filed a motion to compel. And Green can view his own medical record at the prison. So I will deny Green's motion to compel production of those records.

But Green raises a different problem regarding these materials and more broadly his summary judgment opposition: he says that prison officials confiscated his legal materials. At his deposition Green stated that he didn't have his DOC medical records, even after counsel sent him a copy. Dkt. 109, at 125. And even after each set of defendants sent him new copies of their summary judgment materials, Green says that prison officials are denying him his legal materials, a legal loan, and a pen to prepare his opposition; Green appears to have encountered these impediments because he was placed in observation status in response to his hunger strike. Green also renews his previously denied request for recruitment of counsel. *See* Dkt. 135; Dkt. 138; Dkt. 145.

I'll deny Green's requests for counsel because he hasn't shown that the case is too complex for him to handle. Green suggests that the case is too complex for him because there are three sets of defendants who have each filed a motion for summary judgment, but that is a consequence of the court consolidating two of Green's cases and his decision to sue both DOC and private-hospital officials. And as I've explained to him before, I remain wary of recruiting counsel for him again unless it is absolutely necessary because he sexually harassed the lawyer the court recruited for him in a previous lawsuit.

2

The real problem that Green raises is the availability of his legal materials and that's one that can be resolved without recruitment of counsel. Green's submissions discussing the confiscation of his materials are conclusory and do not include details about the timing of the confiscation or his placement in observation. I take him to be saying that he currently does not have his legal materials. But the three sets of defendants have filed a joint motion to dismiss the case for Green's failure to prosecute it, Dkt. 146, stating that Green was without his materials for only a two-week period after he had been transferred to segregation. Defendants say that Green's materials were returned to him in mid-June and that he has refused to go to the law library several times since then. If this account is correct, it would not appear that Green was blocked from filing summary judgment responses.

I will give Green a short time to submit a declaration—in which he states under penalty of perjury—whether his legal materials were returned to him and if so, when they were returned, along with any other information supporting his contention that prison officials are blocking him from filing a summary judgment response.

ORDER

IT IS ORDERED that:

1. Plaintiff Damien Green's motion to compel discovery, Dkt. 112, is DENIED.

2. Plaintiff's motions for the court's assistance in recruiting counsel, Dkt. 135; Dkt. 138; Dkt. 145, are DENIED without prejudice.

3. Plaintiff may have until August 12, 2021, to respond to this order as explained in the opinion above.

Entered August 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge